# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR NEW CASTLE COUNTY

IN RE: ASBESTOS LITIGATION: )
Limited to: )
RALPH ALLAN CEPEC and, )
SANDRA FAYE CEPEC, )
              Plaintiffs, )
              Respondents, )
v. )     **C.A. No. N15C-02-184 ASB**
               )
ADVANCE AUTO PARTS, INC., )
et al., )
              Defendants, )
              Petitioners. )

Submitted: September 21, 2015
Decided: September 24, 2015

## <u>ORDER REFUSING TO CERTIFY AN INTERLOCUTORY APPEAL</u>

This 24th day of September, 2015, upon consideration of Defendant Genuine

Parts Company's ("GPC") application under Rule 42 of the Supreme Court for an

order certifying an appeal from the interlocutory order of this Court,  dated August

31, 2015[1] and captioned *Ralph Allen Cepec and Sandra Faye Cepec v. Advance*

*Auto Parts, Inc., et al.*, C.A. No. N15C-02-184 ASB (Del. Super. Ct. Aug. 31,

2015), it appears to the Court that:

---

[1]    *Cepec v. Advance Auto Parts*, Del. Super. Ct., C.A. No. N15C-02-184, Wallace, J. (Aug. 31, 2015) (D. I. 59).

(1)     This is an asbestos case originally brought by Plaintiffs Ralph and Sandra Cepec in February 2015.[2]  On June 30, 2015, GPC moved to dismiss the Cepecs' Complaint for lack of personal jurisdiction citing the United States Supreme Court's decision in *Daimler AG v. Bauman*.[3]  The Cepecs filed a timely response in opposition to GPC's motion.[4]  On August 31, 2015, this Court denied GPC's motion to dismiss.[5]

(2)     GPC has now applied to this Court to certify its denial of GPC's motion to dismiss for lack of personal jurisdiction to the Delaware Supreme Court under Supreme Court Rule 42.[6]  GPC maintains that it is not subject to specific or general jurisdiction in Delaware, and claims that its application meets the criteria listed in Rules 42(b)(ii) and 42(b)(iii)(A), (B), (C), (D), (G), and (H).[7]

(3)     Under Rule 42, the Court must:  (1) determine that the order to be certified for appeal "decides a substantial issue of material importance that merits

---

[2]     *See* Compl. (D.I. 1).

[3]     *See* Def.'s Mot. to Dismiss (D.I. 51).

[4]     *See* Pls.' Opp. to Def.'s Mot. to Dismiss (D.I. 57).

[5]     *See* Order on Def. Genuine Parts Company's Mot. to Dismiss (ORDER) (D.I. 59) (Del. Super. Ct. Aug. 31, 2015).

[6]     *See* Def.'s Appl. for Certification of Interlocutory Appeal at 1 (D.I. 62).

[7]     *Id.* at 2-4.

appellate review before a final judgment;"[8] (2) decide whether to certify via consideration of the eight factors listed in Rule 42(b)(iii);[9] (3) consider the Court's own assessment of the most efficient and just schedule to resolve the case; and then (4) identify whether and why the likely benefits of interlocutory review

---

[8]      Del. Supr. Ct. R. 42(b)(i).

[9]

> (A) The interlocutory order involves a question of law resolved for the first time in this State;
>
> (B) The decisions of the trial courts are conflicting upon the question of law;
>
> (C) The question of law relates to the constitutionality, construction, or application of a statute of this State, which has not been, but should be, settled by this Court in advance of an appeal from a final order;
>
> (D) The interlocutory order has sustained the controverted jurisdiction of the trial court;
>
> (E) The interlocutory order has reversed or set aside a prior decision of the trial court, a jury, or an administrative agency from which an appeal was taken to the trial court which had decided a significant issue and a review of the interlocutory order may terminate the litigation, substantially reduce further litigation, or otherwise serve considerations of justice;
>
> (F) The interlocutory order has vacated or opened a judgment of the trial court;
>
> (G) Review of the interlocutory order may terminate the litigation; or
>
> (H) Review of the interlocutory order may serve considerations of justice.

Del. Supr. Ct. R. 42(b)(iii).

outweigh the probable costs, such that interlocutory review is in the interests of justice.[10]

(4) GPC requests the Court's certification of its August 31, 2015 denial of GPC's motion to dismiss.[11] The Court considers GPC's application under the rigorous standards of Rule 42.[12]

(5) The Court must first determine if the pretrial order that GPC seeks certification of "decides a substantial issue of material importance that merits appellate review before a final judgment."[13] The "substantial issue of material importance" prong of Rule 42 requires that the matter decided goes to the merits of the case.[14] And while GPC belatedly found some instances where personal jurisdiction may have been addressed in Rule 42 proceedings,[15] the Delaware

---

[10] *Id.* Those "probable costs" are informed, in part, by Rule 42(b)(ii), *i.e.*, interlocutory appeals "disrupt the normal procession of litigation, cause delay, and can threaten to exhaust scarce party and judicial resources." Del. Supr. Ct. R. 42(b)(ii).

[11] *See* Def.'s Appl. for Certification of Interlocutory Appeal at 1; Proposed Order Granting Leave to Appeal from Interlocutory Order.

[12] *TowerHill Wealth Mgmt., LLC v. Bander Family P'ship, L.P.*, 2008 WL 4615865, at *2 (Del. Ch. Oct. 9, 2008) (citing Donald J. Wolfe, Jr. & Michael A. Pittenger, CORPORATE AND COMMERCIAL PRACTICE IN THE DELAWARE COURT OF CHANCERY § 14.04 (2008) (noting that Rule 42 contains "rigorous criteria" and the Supreme Court requires "strict compliance with Rule 42")).

[13] Del. Supr. Ct. R. 42(b)(i).

[14] *Id.*; *Sprint Nextel Corp. v. iPCS , Inc.*, 2008 WL 2861717, at *1 (Del. Ch. July 22, 2008) ("The 'substantial issue' requirement is met when an interlocutory order decides a main question of law which relates to the merits of the case, and not to collateral matters.").

[15] Def.'s Letter in Support of Appl. for Certification of Interlocutory Appeal at 1 (D.I. 67).

Supreme Court has "repeatedly h[eld] that a denial of a motion to dismiss for lack of personal jurisdiction does not . . . determine a substantial issue."[16] That should end it. But engaging the remainder of the Rule 42 analysis further convinces the Court that certification for interlocutory review is in not the interests of justice in this case and should be refused.

(6) The Court does agree that its decision sustained controverted jurisdiction. But other the Rule 42(b)(iii) factors are not met. This Court's decision applied settled Delaware law and agreed with several Delaware federal district court decisions that expressly addressed and held *Sternberg v. O'Neil*[17] – a 1988 Delaware Supreme Court case with which there is no conflicting Delaware state court decision – was still good Delaware law.[18]

(7) Surely review of the interlocutory order might terminate the litigation against this *one* defendant in this multi-defendant asbestos action, but the lion's share of the case will languish on this Court's docket awaiting disposition. As well, GPC's suggestion that certification here and resolution by our Supreme Court

---

[16] *TowerHill Wealth Mgmt.*, 2008 WL 4615865, at *2 (citing cases); *see also Curran Composites, Inc. v. Total Holdings USA, Inc.*, 2009 WL 4170395, at *1 (Del. Nov. 25, 2009) (noting that Court of Chancery found, *inter alia*, that denial of motion to dismiss for lack of personal jurisdiction did not determine a substantial issue under Rule 42); *Aveta, Inc. v. Olivieri,* 2008 WL 4215973, at *1 (Del. Super. Ct. Sept. 10, 2008).

[17] 550 A.2d 1105 (Del. 1988).

[18] *See Layne v. Gavilon Grain, LLC*, 2015 WL 5052849, at *1 (Del. Aug. 27, 2015).

will benefit the federal trial and appellate courts is unavailing.[19]  If a federal court desires our Supreme Court's view on the the post-*Daimler* viability of *Sternberg*, that federal court can obtain such without disruption of ongoing asbestos litigation here.[20]

(8)  In turn, the Court does not believe certification would promote the most efficient and just schedule to resolve this case.  Nor will the likely benefits of interlocutory review outweigh the probable costs, such that interlocutory review is in the interests of justice.  The Court finds, therefore, that GPC has failed to meet the strict standards for certification under Rule 42.[21]

(9)  "Interlocutory appeals should be exceptional, not routine, because they disrupt the normal procession of litigation, cause delay, and can threaten to

---

[19]  *See* Def.'s Appl. for Certification of Interlocutory Appeal at 11.

[20]  Del. Supr. Ct. R. 41(a)(ii) (permitting any federal court from the trial courts to the Supreme Court of the United States to certify to the Delaware Supreme Court a question or questions of law arising in any matter before that federal court). Our Supreme Court has been very generous in providing the federal courts such assistance when it has been sought. *E.g.*, *Espinoza v. Dimon*, 2015 WL 5439176 (Del. Sept. 15, 2015) (certified question answered for the Second Circuit); *NAF Holdings, LLC v. Li & Fung (Trading) Ltd.*, 118 A.3d 175 (Del. 2015) (certified question answered for the Second Circuit); *Terex Corp. v. S. Track & Pump, Inc.*, 117 A.3d 537 (Del. 2015) (certified question answered for the Third Circuit); *Official Comm. of Unsecured Creditors of Motors Liquidation Co. v. JPMorgan Chase Bank, N.A.*, 103 A.3d 1010 (Del. 2014) (certified question answered for the Second Circuit); *ATP Tour, Inc. v. Deutscher Tennis Bund*, 91 A.2d 554 (Del. 2014) (certified question answered for the District of Delaware); *Doe v. Wilmington Housing Auth.*, 88 A.3d 654 (Del. 2014) (certified question answered for the Third Circuit).

[21]  *See, e.g., Liberty Mut. Ins. Co. v. Silva-Garcia*, 2012 WL 4165653, at *3 (Del. Super. Ct. Sept. 5, 2012) ("[B]efore the Supreme Court will accept an interlocutory appeal, the party seeking the appeal must adhere to the strict requirements set forth in the rule.").

exhaust scarce party and judicial resources."[22]  This case is not exceptional.  And so the Court must refuse to certify this interlocutory appeal.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that General Parts Company's Application for Certification of Interlocutory Appeal is hereby **DENIED.**

> _____*/s/ Paul R. Wallace*
> **PAUL R. WALLACE, JUDGE**

Original to Prothonotary
cc:  All counsel via File & Serve

---

[22]    Del. Supr. Ct. R. 42(b)(ii).